UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SOUTHERN NATURAL GAS
COMPANY,

    Plaintiff,

vs.                           CV 97-L-2361-S

1.675 ACRES OF LAND
LOCATED IN CULLMAN
COUNTY, ALABAMA; JASON P.
KNIGHT; and KAY D.
WILLIAMS-SMITH, CULLMAN
COUNTY REVENUE
COMMISSIONER,

    Defendants.

FILED
98 DEC -8 PM 3:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 0 8 1998

## MEMORANDUM OPINION

I. Introduction

    Currently pending before this Court is a motion to reject or modify report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, Southern's objections to the Report of Commissioners, as well as the Court's modifications to the Report of Commissioners and final judgment.

21

II. <u>Damages Awarded For The Permanent Easement</u> ($10,000)

    The Commissioners awarded $10,000 in the permanent pipeline easement by deriving that the 1.67 acres was worth $6,000 an acre. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

III. <u>Amount Awarded For Damage To Remainder Of Property</u> ($5,000)

    Testimony before the Commission established that two adjacent 10 acre tracts were owned by the landowners in this action. The Court holds that there is no evidence to support an award for damages to the 10 acre tract in which the home and various outbuildings are all situated. The Court finds that any damages caused by the pipeline are limited to the 10 acre tract traversed by the pipeline which is currently used as a pasture. The Commissioners awarded the landowner $14,000 for damages to the 8.33 remaining acres in the tract due to the limitations that the pipeline would put on the location of any new lots in a new subdivision. Southern objects to the $14,000 amount of the award arguing that there is no evidence to support the pipeline's causing $14,000 diminution in value for the 8.33 remaining acres. There was no evidence presented before the Commission that supported a finding of subdivision plans for the 8.33 acre tract currently or in the reasonably near future. Mr. James A. Phillips based his opinion on the diminution in value of the property in terms of the property's potential subdivision or selling off smaller tracts of land of which there is no evidence to support these plans for the 8.33 acre tract. Mr. Roger Pugh, an appraiser, testified that

there would be damage to the remainder of the property which amounted to $41,500. The Court finds that this calculation of $41,500 is incorrect, as Mr. Pugh included both 10 acre tracts in his damage estimate. Thus, the Court finds that the $14,000 in damages awarded for damages to the remainder property is clearly erroneous, as this would damage the 8.33 remaining acres at 28% diminution of the $6,000 per acre value recognized by the Commission. Instead, the Court holds that a 10% diminution in value of the 8.33 remaining is just compensation, as the 10% diminution figure was accepted by both parties' appraisers.

10% of the Commission's $6,000 per acre value would result in $600 per acre for the 8.33 remaining acres, which would be a total of $4,998. Thus, the Court holds that the amount to be awarded for damage to the remainder of property should be $5,000.

IV. <u>Damage For The Temporary Easement And The Dislocation Of The Cattle Operation</u> ($1,500)

The Commissioners recommended that $2,500 would be reasonable compensation for the disruption of the cattle operation caused by the construction of the permanent and temporary easement during the period of construction. The Court finds this $2,500 amount is clearly erroneous due to lack of evidence to support such an amount. The Court holds that $1,500 is just compensation for the temporary easement during construction.

V. <u>Conclusion</u>

The Commissioners have recommended an award to the owners of

the property in the above-described easement, as just compensation for the taking of the above-described easement, in the amount of $26,500. The Court has decided to moderate such award from $26,500 to $16,500, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In view of the foregoing discussion, a judgment will be entered in the amount of $16,500, in favor of the Plaintiff.

DONE this 7th day of December 1998.

*Seybourn H. Lynne*
SENIOR JUDGE